Case 2:14-cv-03713-RGK-PJW Document 15 Filed 06/26/14 Page 1 of 3 Page ID #:120

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **CV 14-3713-RGK (PJWx)** | Date | June 26, 2014 |
|---|---|---|---|
| Title | ***CAMPBELL v. NATIONSTAR MORTGAGE, LLC*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams, Not Present | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT; ORDER RE: MOTION TO DISMISS (DE 11)**

On May 14, 2014, Defendant filed a Notice of Removal ("Notice"), asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Specifically, Defendant states there is diversity of citizenship because (1) Plaintiff is a California citizen and Defendant is a citizen of Delaware and Texas; and (2) the amount in controversy exceeds $75,000 because Plaintiff's Complaint seeks declaratory relief, which implicates the amount of the underlying property loan of $498,000. (Def.'s NOR 3-4, 7).

In cases based upon removal jurisdiction, the party invoking removal bears the burden of establishing federal subject matter jurisdiction. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986). If there is any doubt as to whether removal was proper, remand is required. 28 U.S.C. § 1447(c). Subject matter jurisdiction based on 28 U.S.C. § 1332 requires complete diversity between parties and an amount in controversy exceeding $75,000. In removal cases where the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount in excess of $75,000 in order to confer jurisdiction on a federal court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). If the amount in controversy is not clear from the face of the complaint, the defendant must provide facts to establish jurisdiction by a "preponderance of the evidence," i.e. that it is more likely than not that the plaintiff's claim exceeds the $75,000 minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

In actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Defendant argues in its Notice that Plaintiff's claims meet the amount in controversy because he seeks declaratory relief with regard to the Subject Property. (Def.'s Notice 7; Pl.'s Complaint ¶¶ 66-69). However, review of the Complaint indicates that jurisdiction over Plaintiff's declaratory and injunctive relief claims is improper, as neither claim is ripe for adjudication. Moreover, when considering only the

claims over which this Court exercises jurisdiction, the amount in controversy does not reach the statutory minimum.

### A.      Declaratory and Injunctive Relief is Inappropriate

To qualify for declaratory relief under the Declaratory Judgment Act, there must first be an "actual controversy" involving justiciable questions relating to a plaintiff's rights or obligations. 28 U.S.C. § 2201; *see Wilson & Wilson v. City Council of Redwood City*, 191 Cal. App. 4th 1559, 1582 (2011). To be justiciable, the controversy must be ripe, which requires evaluating both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Wilson*, 191 Cal. App. 4th at 1582.

Here, there are no allegations, beyond labels and conclusions, that the controversy regarding the Subject Property is fit for immediate judicial resolution. Plaintiff's allegations in Claims 3, 4, and 6 are based on the presumption that foreclosure proceedings are impending. However, Plaintiff's Complaint does not state facts to adequately allege that foreclosure proceedings are imminent or that a Notice of Default has ever been filed to trigger foreclosure proceedings. Furthermore, there are no allegations that Plaintiff will suffer legal hardship from delaying review for injunctive or declarative relief, as he will have the opportunity to pursue such claims at a time when foreclosure proceedings are in fact imminent. *See Wilson & Wilson v. City Council of Redwood City*, 191 Cal. App. 4th 1559, 1583 (2011) (finding plaintiff's claim for declaratory relief improper because it was sought to protect property from *possible*, as opposed to certain, future condemnation by defendant). Declaratory and injunctive relief for *possible* foreclosure proceedings would be inappropriate in this case, since it would require the Court to "speculate about unpredictable future events in order to evaluate the parties' claims." *See id.* at 1585. As such, the amount in controversy cannot be measured by the value of the loan. This dispute is not yet ripe for determination, and as such, the court declines to exercise jurisdiction over these claims. Thus, Defendant cannot rely on Plaintiff's conclusory statements alleging that declaratory and injunctive relief is warranted. The loan amount cannot be considered to establish the amount of controversy needed for § 1332 jurisdiction.

### B.      Remaining Claims Do Not Meet Amount in Controversy

Though the Court declines to consider Plaintiff's claims for injunctive and declarative relief, it must entertain any "[c]laims that exist independent of the request for a declaration," as such claims "are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule." *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998). Plaintiff's Complaint pleads independent claims other than declaratory and injunctive relief. Specifically, Plaintiff alleges claims for (1) Negligence; (2) Breach of Implied Covenant of Good Faith & Fair Dealing; (3) Violation of Business & Professions Code § 17200; (4) Violations of the California Homeowner Bill of Rights; and (5) Intentional Infliction of Emotional Distress. To hear these claims, the Court still needs subject matter jurisdiction under § 1332. The Court finds it does not.

Defendant fails to show that Plaintiff's requested damages for the independent claims amount to more than $75,000. Indeed, in his Complaint, Plaintiff seems to allege losses from Defendant's failure to assist in loss mitigation, presumably in the form of additional costs, fees, and charges related to the outstanding Loan. (Pl.'s Compl. ¶ 25, 32). However, Plaintiff alleges that the "unpaid, past-due arrears on the Loan (including fees and charges)" amounts to $60,348.24. (Pl.'s Compl. ¶ 28). As such, Plaintiff's actual damages from fees and charges necessarily amount to less than $60,348.24. Thus, actual damages do not meet the amount in controversy requirement.

However, in California, it is well-established that punitive damages, if allowed by statute, can be used in calculating the amount in controversy. Cal. Civ. Code § 3294; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Specifically, California allows punitive damages to be recovered in cases involving intentional infliction of emotional distress (IIED).[1] *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (punitive damages may be awarded for emotional distress claims). Although the Complaint requests punitive damages for IIED, the amount is unspecified and it is therefore up to Defendant to show, beyond a preponderance of the evidence, that punitive damages, if imposed, would contribute to actual damages in excess of $75,000. *See Guglielmino*, 506 F.3d at 699. Defendant has not shown any calculations regarding estimates for punitive damages. As such, the Court declines to consider punitive damages from the IIED claim in determining the amount in controversy.

**CONCLUSION**

Other than its reliance on Plaintiff's premature claim for declarative relief, Defendant does not provide any other basis for meeting the amount in controversy requirement. Accordingly, this case is hereby **REMANDED** to the state court form which it was removed. In light of the forgoing, Defendant's Motion to Dismiss (ECF No. 11) is **DENIED** as moot.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[1] Although Plaintiff requests them, punitive damages are generally not recoverable in cases of negligence, breach of the implied covenant of good faith and fair dealing, and violations of § 17200 *et seq*. *See, e.g.*, *Ebaugh v. Rabkin*, 22 Cal. App. 3d 891, 894 (1972) (holding that "even gross negligence is not sufficient to justify an award of punitive damages"); *Copesky v. Superior Court*, 229 Cal. App. 3d 678, 688 (1991) (noting that in California, only contract remedies are available for breach of the implied covenant of good faith and fair dealing outside the insurance context); *Newport Components v. NEC Home Electronics*, 671 F. Supp. 1525, 1550-51 (C.D. Cal. 1987) (holding that claims under § 17200 of the Business and Professions Code will not support an award of punitive damages).